UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
:
UNITED STATES OF AMERICA         :
:   17cr396
:
    -against-                    :
:   OPINION & ORDER
:
JOHN CHAMBERS,                   :
:
                Defendant.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, United States District Judge:

John Chambers moves to quash a grand jury subpoena directed to his law office. For the reasons that follow, Chambers' motion is denied.

In April 2017, the Government filed a two-count sealed complaint against Chambers alleging that he bribed a police officer in the NYPD Pistol Licensing Division (the "Licensing Division") in exchange for favorable treatment toward clients who applied for gun licenses. At a meeting on June 16, 2017, the Government informed Chambers that he would be indicted within a few days. On June 19, 2017, the Government served a grand jury subpoena on Chambers' law office (the "Grand Jury Subpoena"), seeking client-related information. Then, on June 22, 2017, the Government lodged the Indictment.

The Grand Jury Subpoena seeks three discrete categories of documents: (1) a list of all individuals who retained Chambers to represent them in connection with matters before the Licensing Division; (2) billing records relating to such matters; and (3) records of any payments to any member of the Licensing Division.

Chambers contends that the Grand Jury Subpoena was issued for an improper purpose—namely, to assist the Government in preparing for trial in connection with the charges

in the Indictment. He asserts that the sequence of events, including the issuance of the Grand Jury Subpoena just days before the indictment was filed, points to the Government's intent to use the subpoena to collect evidence for trial.

The "law is settled in this [C]ircuit and elsewhere that it is improper to utilize a Grand Jury for the sole or dominating purpose of preparing an already pending indictment for trial." United States v. Punn, 737 F.3d 1, 6 (2d Cir. 2013) (citing In re Grand Jury Subpoena Duces Tecum Dated Jan. 2, 1985 ("Simels"), 767 F.2d 26, 29 (2d Cir. 1985)). But where a grand jury investigation "is not primarily motivated by this improper purpose, evidence obtained pursuant to the investigation may be offered at the trial on the initial charges." United States v. Leung, 40 F.3d 577, 581 (2d Cir. 1994). The defendant bears the burden to demonstrate that a grand jury subpoena was issued for an improper purpose. United States v. Salameh, 152 F.3d 88, 109 (2d Cir. 1988). To meet this burden, Chambers must offer "particularized proof of an improper purpose." Salameh, 152 F.3d at 109.

As a general matter, the fact that a grand jury subpoena was issued shortly before or shortly after the filing of an indictment is not improper. United States v. Long, 697 F. Supp. 651, 657–58 (S.D.N.Y. 1988) (service of grand jury subpoena with return date prior to indictment permitted); United States v. Meregildo, 876 F. Supp. 2d 445, 449 (S.D.N.Y. 2012). "A grand jury's investigative power does not end when it indicts a defendant. Instead, post-indictment action is permitted to identify or investigate other individuals involved in criminal schemes or to prepare superseding indictments against persons already charged." Meregildo, 876 F. Supp. at 448–49. Here, Chambers offers no particularized proof that the Grand Jury Subpoena was issued for an improper purpose. Beyond the temporal proximity between the

2

Grand Jury Subpoena and the Indictment, Chambers offers no facts suggesting any improper purpose.

It is not surprising that the Government issued a Grand Jury Subpoena on Chambers' law office. The Government represents that the Grand Jury Subpoena is "part of an ongoing, complex investigation into wide-reaching allegations of misconduct that have led to multiple indictments of both NYPD officers and bribe-paying civilians." (Govt. Opposition to Motion to Quash, ECF No. 31, at 5.) In addition to extending the reach of its investigation to other parties who have yet to be charged, the Government may file additional charges against Chambers in a superseding indictment if it discovers more evidence of misconduct preceding or following the charged period. See In re Various Grand Jury Subpoenas, 235 F. Supp. 3d 472, 483 (S.D.N.Y. 2017). Against these plausible scenarios, the Government's actions are unremarkable. They stand in stark contrast to Simels. 767 F.2d at 29–30.

Chambers also objects to the broad scope of the Grand Jury Subpoena, which seeks documents spanning a period of seven years. Federal Rule of Criminal Procedure 17(c)(2) imposes a reasonableness requirement, which encompasses three elements: whether (1) the materials demanded by the subpoena are relevant to the subject matter of the grand jury's investigation; (2) the subpoena describes the materials to be produced with reasonable particularity; and (3) the subpoena requires production of records reasonably limited in time so that compliance is not unduly burdensome or oppressive. See also United States v. Vilar, 2007 WL 1075041, at *44 (S.D.N.Y. Apr. 4, 2007). The first two elements are satisfied—Chambers' work before the Licensing Division is relevant to the grand jury's investigation into corruption within the NYPD's Licensing Division, and the Grand Jury Subpoena seeks three discrete categories of documents.

3

Rule 17's reasonableness inquiry here touches on the temporal and topical scope of the Grand Jury Subpoena. The seven-year time period, which spans from 2010 to the present, is two years longer than the charged period of the indictment (which runs from 2010 to 2015). A two-year expansion of the charged period is not by itself unreasonable. And it is irrelevant that the Indictment limits the charged period to 2015 since the Government is entitled to explore the possibility that Chambers or other individuals could have engaged in additional misconduct between 2015 and the present. See Vilar, 2007 WL 1075041, at *49 (grand jury should be "given some leeway" to seek documents dated outside the period of known misconduct and documents "that may enlighten the grand jury about other potential [ ] victims").

According to Chambers, the second category of documents requested in the Grand Jury Subpoena would require him to undertake the burdensome task of reviewing 40,000 pages of billing records, many of which he claims contain privileged information, such as his contemporaneous mental impressions and client communications. But on closer examination, the key documents sought by this request consist of a few hundred invoices for a few hundred clients that Chambers represented before the Licensing Division. It will not be an undue burden for Chambers to cull and produce those invoices.

Accordingly, it "is more appropriate to modify the [Grand Jury] Subpoena than to quash it." Vilar, 2007 WL 1075041, at *49. The Government's primary purpose in seeking the three categories of documents set forth in the Grand Jury Subpoena is to identify other parties—namely, Chambers' clients and the NYPD personnel with whom Chambers allegedly bribed to secure licenses—whose alleged misconduct may expand the scope of the Government's investigation. Additionally, as the Government noted at the hearing on October 25, 2017, the

information obtained through this subpoena may serve a public safety interest by identifying licenses that were improperly obtained as a result of the alleged misconduct.

Accordingly, in balancing the Government's legitimate investigatory interests advanced by the Grand Jury Subpoena with the substantial expense and time that Chambers will incur in reviewing the myriad documents pertaining to his "billing records," Request No. 2 is limited to billing invoices pertaining to all the clients Chambers represented in connection with any matter before the Licensing Division. To avoid any ambiguity, Chambers need not produce the other types of billing records specified in Request No. 2, such as ledger entries, receipts, copies of checks, or records of cash payments, at this time. Further, Chambers is directed to produce the documents sought in Request Nos. 1 and 3 of the Grand Jury Subpoena.

## CONCLUSION

For the foregoing reasons, Chambers' motion to quash is denied. However, Request No. 2 of the Grand Jury Subpoena is modified to require the production of all billing invoices. Production of responsive documents under the Grand Jury Subpoena shall be completed no later than November 30, 2017. To the extent any of the billing invoices bear privileged information, Chambers may produce such records in redacted form but must furnish a privilege log detailing the basis for those redactions.

The Clerk of Court is directed to terminate the motion pending at ECF No. 23.

Dated: October 26, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.