UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x
                                     :

UNITED STATES OF AMERICA          :       SUPERSEDING
                                   :       INDICTMENT

        - v. -                :       S1 17 Cr. 396 (WHP)

JOHN CHAMBERS,                    :

                 Defendant.     :

- - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 1 5 2018

COUNT ONE
(Bribery)

The Grand Jury charges:

1.    From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York and elsewhere, JOHN CHAMBERS, the defendant, willfully and knowingly did corruptly give, offer, and agree to give a thing of value to a person, with intent to influence and reward an agent of a local government and an agency thereof, which received in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in connection with business, transactions, and series of transactions of such local government and agency involving a thing of value of $5,000 and more, to wit, CHAMBERS offered and gave money and non-monetary bribes to David Villanueva, who at the time was a Sergeant of the New York City

Police Department ("NYPD") assigned to the NYPD License
Division, in exchange for Villanueva causing expedited or other
favorable treatment to be given in gun license related matters
pending before the NYPD's License Division and the Nassau County
Police Department ("Nassau PD") Pistol Section for the benefit
of individuals who had paid CHAMBERS for his assistance in such
gun license related matters.

(Title 18, United States Code, Sections 666 and 2.)

### COUNT TWO
(Conspiracy to Commit Bribery)

The Grand Jury further charges:

2.    From at least in or about 2010, up to and
including in or about 2015, in the Southern District of New York
and elsewhere, JOHN CHAMBERS, the defendant, and others known
and unknown, willfully and knowingly did combine, conspire,
confederate and agree together and with each other to commit
offenses against the United States, to wit, to violate Title 18,
United States Code, Section 666.

3.    It was a part and an object of the conspiracy
that JOHN CHAMBERS, the defendant, and others known and unknown,
willfully and knowingly would and did corruptly give, offer, and
agree to give a thing of value to a person, with intent to
influence and reward an agent of a local government and an

2

agency thereof, which received in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in connection with business, transactions, and series of transactions of such local government and agency involving a thing of value of $5,000 and more, to wit, CHAMBERS agreed to give money and non-monetary bribes to David Villanueva in exchange for Villaneuva causing expedited or other favorable treatment to be given in gun license related matters pending before the NYPD and the Nassau PD, in violation of Section 666(a)(2) of Title 18 of the United States Code.

<u>Overt Acts</u>

4.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York:

a.   From at least in or about 2010 to in or about 2015, JOHN CHAMBERS, the defendant, met on numerous occasions with Villanueva at One Police Plaza, in Manhattan, New York in order to obtain Villanueva's assistance in expediting gun license matters pending before the NYPD License Division and the Nassau PD Pistol Section.

b.     On at least three occasions between 2012 and 2015, JOHN CHAMBERS, the defendant, mailed cash, hidden inside magazines, to Villanueva.

(Title 18, United States Code, Section 371.)

COUNT THREE
(Honest Services Fraud)

The Grand Jury further charges:

5.     From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York and elsewhere, JOHN CHAMBERS, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the NYPD and the public of their intangible right to David Villanueva's honest services as a Sergeant in the NYPD License Division, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, CHAMBERS offered and gave money and non-monetary bribes to Villanueva in exchange for Villanueva causing expedited or other favorable treatment to be given in gun license related matters pending before the NYPD, and in connection therewith and in

4

furtherance thereof, CHAMBERS transmitted and caused to be transmitted interstate electronic mail.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

COUNT FOUR
(Conspiracy to Commit Honest Services Fraud)

The Grand Jury further charges:

6.    From at least in or about 2010, up to and including in or about 2015, in the Southern District of New York and elsewhere, JOHN CHAMBERS, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1343 and 1346.

7.    It was a part and object of the conspiracy that JOHN CHAMBERS, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the public of its intangible right to David Villanueva's honest services as a Sergeant in the NYPD License Division, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, CHAMBERS agreed to offer and

5

give money and non-monetary bribes to Villanueva in exchange for Villanueva causing expedited or other favorable treatment to be given in gun license related matters pending before the NYPD, and in connection therewith and in furtherance thereof, CHAMBERS and Villanueva transmitted and caused to be transmitted interstate electronic mail.

(Title 18, United States Code, Section 1349.)

## FORFEITURE ALLEGATIONS

8.   As a result of committing one or more of the offenses alleged in Counts One through Four of this Indictment, JOHN CHAMBERS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of one or more of the offenses alleged in Counts One through Four of this Indictment.

## Substitute Asset Provision

9.   If any of the above-described forfeitable property, as a result of any act or omission of JOHN CHAMBERS, the defendant:

a.   cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981; and Title 28, United States Code, Section 2461.)


FOREPERSON

GEOFFREY S. BERMAN
UNITED STATES ATTORNEY

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOHN CHAMBERS,

Defendant.

SUPERSEDING INDICTMENT

S1 17 Cr. 396 (WHP)

(Title 18, United States Code, Sections 371, 666, 1343, 1346,
1349 and 2.)

GEOFFREY S. BERMAN
United States Attorney.

3/15/18 Filed Indictment

Judge Nathan